**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2199
_____

E. EDWARD ZIMMERMANN,
                    Appellant

v.

UNITED STATES NATIONAL LABOR RELATIONS BOARD;
UNITED STATES DEPARTMENT OF LABOR MINIMUM WAGE DIVISION;
UNITED STATES DEPARTMENT OF LABOR PREVAILING WAGE DIVISION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-04564)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2019
Before:  KRAUSE, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed: January 25, 2019)
_____

OPINION*
_____

PER CURIAM

        E. Edward Zimmermann appeals the dismissal of his complaint for lack of subject

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

matter jurisdiction. For the following reasons we will affirm.

Zimmermann brought suit against the United States Department of Labor, the National Labor Relations Board (NLRB), and the Pennsylvania Department of General Services, seeking money damages and a judicial declaration that federal and state regulation of the minimum wage violated his constitutional rights. The Department of Labor and the NLRB (collectively, Appellees) filed a motion to dismiss, as did the Pennsylvania Department of General Services. Both motions asserted, *inter alia*, the District Court lacked subject matter jurisdiction. The action against the Pennsylvania Department of General Services was dismissed, with prejudice, pursuant to the Eleventh Amendment.[1] The District Court dismissed the claims against Appellees for money damages, with prejudice, pursuant to sovereign immunity, but allowed Zimmermann to amend his complaint as to claims for declaratory relief. After Zimmermann filed his amended complaint, Appellees again moved to dismiss for lack of subject matter jurisdiction.

The District Court granted Appellees' motion pursuant to Fed. R. Civ. P. 12(b)(1), specifically finding that Zimmermann lacked Article III standing because the facts in his amended complaint could not support the conclusion that he has suffered, or will imminently suffer, an injury in fact. The District Court also found that granting Zimmermann leave to amend again would be futile, and thus dismissed the case with

---

[1] The Pennsylvania Department of General Services is not participating in this appeal.

prejudice.  Zimmermann appealed.[2]

We have jurisdiction to review the District Court's orders pursuant to 28 U.S.C. § 1291.  "We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction."  Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).

We will affirm.  On appeal, Zimmermann does nothing to advance any argument in opposition to the District Court's finding regarding his Article III standing, nor does he present any argument as to the earlier finding that Sovereign Immunity and the Eleventh Amendment barred his monetary claims against Appellees and the Pennsylvania Department of General Services, respectfully.  Rather, Zimmermann, who now signs "E. John Doe"[3] on all of his court documents, states that he is invoking his Fifth Amendment right to be free from self-incrimination, and that this right "constitute[s] the entirety of [his] brief" except as specifically noted.  He also incorporates every court filing he has ever made in this action, and states that his writings "speak for themselves."  Finally, for authority, he cites "[e]very landmark decision by the United States Supreme Court" and every landmark decision by every lower federal and state court.

We decline to root through the record below and make Zimmerman's case for him.

---

[2] The District Court also denied Zimmermann's "Motion Under Seal to Review this Matter in Private" and "Rule 5.1.5 Motion to Seal this Matter" and also denied, as moot, Zimmermann's motion for summary judgment, "Motion to Proceed to Trial," and "Motion to Correct The Record."  Zimmermann does not appeal these determinations.

[3] Presumably, this was done as a form of protest after we denied Zimmermann's mandamus petition, in which he asked us to, among other things, "direct the District Court to remove his name and contact information to protect his physical safety and

See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (noting "Judges are not like pigs, hunting for truffles buried in briefs" and that a "skeletal argument" does not preserve a claim). Consequently, we conclude he has abandoned all appealable issues. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting it is well settled that "appellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief" and that "if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals"); see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing."). While we are mindful of Zimmermann's pro se status, and although we construe pro se filings liberally, this policy has not prevented us from applying the waiver doctrine to pro se appeals. See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Consequently, as Zimmermann presents no issues to review, we will affirm the District Court's judgment. Zimmermann's pending "Motion to Withdraw Impeachment" is denied as moot.

---

privacy rights." See In re Zimmermann, 739 F. App'x 101, 103 (3d Cir. 2018).